IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

SEP 19 2006

J. T. NOBLIN, CLERK
BY_____ DEPUTY

EQUAL EMPLOYMENT OPPORTUNITY      )
COMMISSION,                       )
                                  )
            Plaintiff,            )
                                  )      CIVIL ACTION NO. 3:06CV516 HTW
                                  )                       LRA
      v.                          )
                                  )
U-HAUL INTERNATIONAL, INC.,       )
                                  )      COMPLAINT
and                               )      JURY TRIAL DEMAND
                                  )
U-HAUL CO. OF MISSISSIPPI,        )
                                  )
            Defendants.           )
_____)

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Marvin Hightower and any other individuals who were adversely affected by such practices. The Commission alleges that Defendants failed to promote and/or refused to hire Marvin Hightower and other unidentified individuals because of their race in violation of Title VII of the Civil Rights Act of 1964. In addition, the Commission alleges that Defendants discriminated against Marvin Hightower because he opposed the discriminatory practices of Defendants and because he made a charge of discrimination, in violation of Title VII of the Civil Rights Act of 1964.

1

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3)of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2.    The employment practices alleged to be unlawful were committed, at least in part, within the jurisdiction of the United States District Court for the Southern District of Mississippi, Jackson Division.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant, U-Haul International, Inc., ("U-Haul International"), has continuously been a Nevada Corporation, doing business in the State of Mississippi and the City of Jackson, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant U-Haul International has continuously been an employer engaged in an industry affecting commerce

within the meaning of Sections 701(b), (g) and (h) of Title VII, 42
U.S.C. §§ 2000e(b), (g) and (h).

6.    At all relevant times, Defendant, U-Haul Co. of Mississippi
("U-Haul Mississippi"), has continuously been a Mississippi
Corporation, doing business in the State of Mississippi and the City of
Jackson, and has continuously had at least 15 employees.

7.    At all relevant times, Defendant U-Haul Mississippi has
continuously been an employer engaged in an industry affecting commerce
within the meaning of Sections 701(b), (g) and (h) of Title VII, 42
U.S.C. §§ 2000e(b), (g) and (h).

8.    Defendant U-Haul Mississippi is a wholly-owned subsidiary of
Defendant U-Haul International.

9.    Defendant U-Haul International and Defendant U-Haul of
Mississippi are engaged in a joint venture marketed under the name "U-
Haul".

10.    At all relevant times, Defendant U-Haul International and
Defendant U-Haul Mississippi have operated as an integrated enterprise
for purposes of Title VII.

STATEMENT OF CLAIMS

11.    All conditions precedent to the institution of this lawsuit
have been fulfilled.

a.    On or about January 11, 2005, Marvin Hightower filed a
charge of discrimination (Charge No. 131-2005-01726) with the

3

Commission. In this charge he alleges, <u>inter alia</u>, that he was denied promotion to the position of Marketing Company President because of his race, Black.

b.    On or about February 14, 2005, Marvin Hightower filed a charge of discrimination (Charge No. 131-2005-02274) with the Commission.  In this charge he alleges that he was discriminated against and discharged in retaliation for having filed his previous charge.

c.    On January 23, 2006, the Commission determined that there was reasonable cause to believe that Marvin Hightower was not promoted to the position of Company President due to his race and that the practices and procedures used by Defendant U-Haul International and Defendant U-Haul Mississippi for the selection of Marketing Company President violate Title VII of the Civil Rights Act.

d.    On January 24, 2006, the Commission determined that there was reasonable cause to believe that Marvin Hightower was discharged by Defendant U-Haul International and its wholly-owned subsidiary, Defendant U-Haul of Mississippi, because he engaged in activity protected under Title VII of the Civil Rights Act.

e.    The Commission endeavored to eliminate all alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion.

f.    On January 31, 2006, Defendants, through their counsel,

advised the Commission that they were not interested in pursuing conciliation of these charges.

15.   Since on or about July 15, 2005, Defendant Employers have engaged in unlawful employment practices, in violation of Sections 703(a)(1) and (2) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (2); 2000e-3(a).

a.   Defendant U-Haul International and Defendant U-Haul Mississippi utilized promotional and selection practices and procedures for filling the position of Marketing Company President which discriminated against Marvin Hightower and other Black applicants on the basis of race.

b.   Defendant U-Haul International and Defendant U-Haul Mississippi, jointly and separately, retaliated against Marvin Hightower because he opposed the discriminatory promotional and selection practices and procedures used by Defendants for the selection of individuals to fill the position of Marketing Company President and because he filed a charge of discrimination with the Commission under Title VII challenging these practices and procedures.

16.   The effect of the practices complained of in paragraph 15 above has been to deprive Marvin Hightower and other unidentified individuals of equal employment opportunities and otherwise adversely affected their status as employees or applicants for employment because of their race, Black, and because he opposed practices made unlawful

under Title VII or filed charges with the Commission.

17.    The unlawful employment practices complained of in paragraph 15 above were and are intentional.

18.    The unlawful employment practices complained of in paragraph 15 above were done with malice or with reckless indifference to the federally protected rights of Marvin Hightower and other unidentified employees or applicants for employment.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant U-Haul International, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination on the basis of race in the selection of individuals to fill the position of Marketing Company President.

B.    Grant a permanent injunction enjoining Defendant U-Haul Mississippi, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination on the basis of race in the selection of individuals to fill the position of Marketing Company President.

C.    Grant a permanent injunction enjoining Defendant U-Haul International, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against any individual who opposes practices made unlawful under Title VII or who

files a charge of discrimination with the Commission.

D.   Grant a permanent injunction enjoining Defendant U-Haul Mississippi, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against any individual who opposes practices made unlawful under Title VII or who files a charge of discrimination with the Commission.

E.   Order Defendant U-Haul International to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

F.   Order Defendant U-Haul Mississippi to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

G.   Order Defendant U-Haul International to make whole Marvin Hightower and all other unidentified individuals adversely affected by Defendant U-Haul International's unlawful conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or promotion.

H.   Order Defendant U-Haul Mississippi to make whole Marvin Hightower and all other unidentified individuals adversely affected by

Defendant U-Haul Mississippi's unlawful conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front-pay, as appropriate.

I.    Order Defendant U-Haul International to make whole Marvin Hightower and other unidentified individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 15 above, in amounts to be determined at trial.

J.    Order Defendant U-Haul Mississippi to make whole Marvin Hightower and other unidentified individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 15 above, in amounts to be determined at trial.

K.    Order Defendant U-Haul International to make whole Marvin Hightower and other unidentified individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 15 above, including losses suffered by Marvin Hightower and others for emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

L.    Order Defendant U-Haul Mississippi to make whole Marvin

Hightower and other unidentified individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 15 above, including losses suffered by Marvin Hightower and others for emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

M.    Order Defendant U-Haul International to pay Marvin Hightower and all unidentified individuals punitive damages for its malicious and reckless conduct described in paragraph 15 above, in amounts to be determined at trial.

N.    Order Defendant U-Haul Mississippi to pay Marvin Hightower and all unidentified individuals punitive damages for its malicious and reckless conduct described in paragraph 15 above, in amounts to be determined at trial.

O.    Grant such further relief as the Court deems necessary and proper in the public interest.

P.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD COOPER
Ronald Cooper
General Counsel

9

JAMES LEE
James Lee
Deputy General Counsel


GWENDOLYN YOUNG REAMS
Gwendolyn Young Reams
Associate General Counsel


C. Emanuel Smith (MS 7473)
Regional Attorney


Julie Lee (DC 433292)
Supervisory Trial Attorney


Charles E. Guerrier (OH 0023546)
Senior Trial Attorney


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place
1130 22nd Street South
Suite 2000
Birmingham, Alabama 35205
(205) 212-2044