IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:06CV516WA |
| U-HAUL INTERNATIONAL, INC. and U-HAUL COMPANY OF MISSISSIPPI | DEFENDANTS |
| MARVIN HIGHTOWER | PLAINTIFF-INTERVENOR |

**ORDER**

This matter came before the court on Marvin Hightower's Motion to Intervene, by which he seeks to join in this matter as a Plaintiff. In support of this Motion, he alleges that the basis for the EEOC's Complaint is discrimination against Hightower by the Defendants. The EEOC has not opposed this Motion (there is no indication that the Defendants have yet been served with process). The court has reviewed the Motion, and, in particular, the allegation that intervention should be permitted as of right because of the language of 42 U.S.C. § 2000e-5(f)(1), which provides "[T]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC] . . . ." Thus, Hightower argues, he falls within the language of Fed. R. Civ. P. 24, which provides for intervention of right "when a statute of the United States confers an unconditional right to intervene."

The United States Supreme Court has held that, where the EEOC files suit, "the employee has no independent cause of action, although the employee may intervene in the EEOC's suit." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002). While this language does not mandate a holding that § 2000e-5(f)(1) creates an unconditional right to intervene, other courts have come to

that conclusion. *McClain v. Wagner Elec. Corp.*, 550 F.2d 1115, 1119 (8th Cir. 1977); *EEOC v. Rekrem, Inc.*, 199 F.R.D. 526, 529 (S.D.N.Y. 2001); *EEOC v. Pacific Maritime Ass'n*, 188 F.R.D. 379, 380 (D. Or. 1999). The Fifth Circuit has not expressly held that the statute creates an unconditional right, although it has suggested as much. *EEOC v. Wackenhut Corp.*, 939 F.2d 241, 243 n. 5 (5th Cir. 1991), (noting that 42 U.S.C. § 2000e-5(f)(1) provides "for right of intervention by aggrieved person or persons in civil action brought by the EEOC, and for discretionary grants of intervention by the courts to the EEOC in cases brought by aggrieved person or persons.") Thus, if intervention here is not appropriate under Rule 24(a), it would clearly be appropriate under Rule 24(b), which provides for permissive intervention. Given the early stage of this litigation and the Plaintiff's lack of objection, the court is of the opinion that Hightower should be permitted to intervene in this matter.

IT IS, THEREFORE, ORDERED that Marvin Hightower's Motion to Intervene is hereby **granted**, and he will be added as a Plaintiff in this matter. The Complaint attached to his Motion shall be filed on or before December 18, 2006, and served on the Defendants in the manner provided by the Federal Rules of Civil Procedure.

IT IS SO ORDERED, this the 5th day of December, 2006.

                                                     S/Linda R. Anderson
                                        UNITED STATES MAGISTRATE JUDGE