**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 3:06CV516WA** |
| **U-HAUL INTERNATIONAL, INC. and U-HAUL COMPANY OF MISSISSIPPI** | **DEFENDANTS** |
| **MARVIN HIGHTOWER** | **PLAINTIFF-INTERVENOR** |

## ORDER

This matter came before the court on the following Motions:

1. Defendant U-Haul International, Inc.'s Request for Leave to File Response to Marvin Hightower's Motion to Intervene, or, in the Alternative, Motion for Reconsideration of Court's Order Granting Motion to Intervene;

2. Defendant U-Haul Co. Of Mississippi's Motion for Joinder in Request for Leave to File Response to Marvin Hightower's Motion to Intervene; and

3. Marvin Hightower's Motion to Have Complaint Deemed Filed.

These Motions were precipitated by the court's earlier granting of Marvin Hightower's Motion to Intervene, prior to service of the original Complaint on the Defendants. In granting the Motion, the court noted that the Defendants had not been served, thereby recognizing the possibility of an objection. However, in light of the law clearly permitting Hightower to intervene, the court was of the opinion that it was unlikely that a meritorious objection could be presented.

In the Order, the court directed that the Complaint be filed before December 18, 2006, and served on the Defendants "in the manner provided by the Federal Rules of Civil Procedure." That

directive was based on the court's belief that the Intervenor's Complaint had not been filed, as permission to do so had not been granted. However, the Complaint **had** been filed on the same date as the Motion to Intervene, as is reflected on the docket. Thus, the Intervenor interpreted the court's Order as a directive to the Clerk to take any additional action necessary for proper filing.

Since the Order was entered, the Defendants have been served with process and now object to the intervention. This objection is not based upon an assertion that the intervention, in itself, was improper, but that the Complaint attempts to add additional Defendants than were named in his original Charge of Discrimination, as well as additional claims. While expressing no opinion on the merits of this objection, the court is of the opinion that the Defendants should be permitted to present this argument to the court.

The Defendants also argue that the Intervenor's Complaint should not be deemed filed, as the filing was not properly accomplished. The court understands that the Intervenor's error was simply a misunderstanding, and, in the normal circumstance, not grounds for invalidating the filing of his Complaint. However, because the Defendants ought to be allowed a chance to object to the intervention, insofar as it attempts to add parties and claims to the lawsuit, the court will deny the Plaintiff's Motion to Have Complaint Deemed Filed and grant the Defendants' Motions to respond to the Motion to Intervene.

IT IS, THEREFORE, ORDERED, as follows:

1. Defendant U-Haul International, Inc.'s Request for Leave to File Response to Marvin Hightower's Motion to Intervene, or, in the Alternative, Motion for Reconsideration of Court's Order Granting Motion to Intervene and Defendant U-Haul Co. Of Mississippi's Motion for Joinder in Request for Leave to File Response to Marvin

      Hightower's Motion to Intervene are hereby **granted**.  These Defendants may respond to the Motion to Intervene on or before February 1, 2007.  The Intervenor may submit a rebuttal pleading on or before February 12, 2007.

3.      Marvin Hightower's Motion to Have Complaint Deemed Filed is hereby **denied**.  The Order permitting Hightower to intervene is hereby vacated.

IT IS SO ORDERED, this the 24th day of January, 2007.

                                                
                                                S/Linda R. Anderson
                                         UNITED STATES MAGISTRATE JUDGE