IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) MARVIN HIGHTOWER, ) ) Plaintiffs, ) ) v. ) ) U-HAUL INTERNATIONAL, INC., ) U-HAUL CO. OF MISSISSIPPI, ) DOUGLAS WESTON, JR., and ) DOUGLAS WESTON, III, ) ) Defendants. ) | CIVIL ACTION NO.: 3:06-cv-516 |

## CONSENT DECREE

### I.   INTRODUCTION AND GENERAL PROVISIONS

1.   The Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action against U-Haul International, Inc. ("U-Haul Intl.") and U-Haul Co. of Mississippi ("U-Haul MS" or "Defendant") on September 19, 2006, in this Court, to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. §1981a.  In the Complaint the Commission alleged that U-Haul Intl. and U-Haul MS discriminated against Marvin Hightower by failing to promote and/or refusing to hire him because of his race and by terminating his employment because he opposed the discriminatory practices of said Defendants and filed a charge of discrimination with the EEOC.

2.   Marvin Hightower ("Hightower") intervened in this action.  In his Complaint in Intervention Hightower joined in the allegations made by the EEOC and added allegations under 42 U.S.C. Sec. 1981.  Hightower also added as Defendants Douglas Weston, Jr., ("Weston Jr.") and Douglas Weston III ("Weston III").

3.   U-Haul Intl., U-Haul MS, Weston Jr., and Weston III filed Answers to each

1

Complaint in which they denied the allegations contained in the Complaints and asserted certain affirmative defenses.

4. The parties do not object to the jurisdiction of the Court over this action. The parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy.

5. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or contained in EEOC Charge No. 131-2005-01726 and EEOC Charge No. 131-2005-02274, and any and all claims asserted by the Commission in Civil Action No. 3:06-cv-516 (S. D. Mississippi). This Consent Decree does not affect any other administrative charges which may be pending with the EEOC or any other cases pending in this or any other court other than the charges and case specifically referred to in this paragraph.

6. This Consent Decree constitutes the complete and exclusive agreement between the Commission and Defendants. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made, other than those recited or referenced in this Decree. In the event this proposed Consent Decree is not approved or does not become final, it shall not be admissible in evidence in any subsequent proceeding in this action.

7. This Consent Decree does not constitute an admission by any past or present Defendant of the allegations in the Complaints. U-Haul Intl., U-Haul MS, Weston Jr., and Weston III each maintains that its or his actions regarding Mr. Hightower were proper and lawful in all regards. However, parties to this action desire to avoid the expenses and delays they would incur in litigating this case.

## II. MONETARY RELIEF

8. Defendant U-Haul MS shall pay to Marvin Hightower the gross amount of One Hundred and Forty Thousand Dollars ($ 140,000.00). Of this amount, $5,000.00 represents back pay, the remainder being compensatory damages and attorney fees. That portion of this payment which represents back pay shall be subject to taxes and other legally required withholdings and/or contributions. No withholding shall be made from that portion of this payment which represents

2

payment for compensatory damages or attorney fees.

### III.    U-HAUL COMPANY OF MISSISSIPPI

9. The items set forth in this section apply only to Defendant U-Haul MS. They become effective immediately upon entry by the Court of this Consent Decree and shall remain in effect for two years from the date of such entry.

10. Defendant U-Haul MS, its officers, agents, employees, successors, and assigns shall not discriminate against any employee or applicant for employment with regard to promotions and/or hiring on the basis of race.

11. Defendant U-Haul MS, its officers, agents, employees, successors, and assigns shall not retaliate against any employee or applicant for employment because he or she opposes any practice he or she reasonably believes to be unlawful under Title VII, files a charge of discrimination challenging any such practice, or testifies or participates in any manner in any investigation, proceeding, or hearing related to such charge or allegation.

12. Within ninety (90) days of the entry of this Consent Decree, Defendant U-Haul MS shall adopt an on-line employee handbook which contains those policies or procedures which have been adopted by U-Haul MS and are applicable to employees of U-Haul MS.

13. Within ninety (90) days of the entry of this Consent Decree, Defendant U-Haul MS shall adopt a written policy or procedure setting forth the process or procedure for auctioning off the contents of a storage facility unit or room. This process or procedure shall contain a checklist of the specific stages in the process and the chronological steps that must be followed in each stage. The employees responsible for the various steps listed on the Seize and Sale Documentation Folder shall complete the required information on the Folder. No person shall be asked to conduct an auction of a storage facility unless that person received the procedure to be followed in conducting the auction.

14. Within ninety (90) days of the entry of this Consent Decree, Defendant U-Haul MS shall adopt a written policy or procedure applicable to all employees describing the circumstances under which an employee may be selected for drug testing. Such procedure will set forth the

3

procedures to be followed for selecting any such employee, the grounds for selecting such employee, the process to be followed with regard to the test and its results, the rights of the employees concerning the distribution of such results, and any consequences which may flow from positive test results. U-Haul MS agrees to make the policy widely available to and easily accessible by its employees.

15. U-Haul MS shall internally post all vacancies for its Marketing Company President which may occur during the term of this decree at a place or in a manner which will advise all interested persons of the vacancy, the qualifications required for the position, and the procedure for applying. In lieu of a posting, U-Haul MS may instead send an e-mail via its internal e-mail system to U-Haul MS employees. Interested applicants must be provided no fewer than 10 business days after the posting or the e-mail to express their interest in filling such position. Any expression of interest must be in writing. Any changes to the application procedure will be provided to the employees.

16. Copies of all applications or expressions of interest for the position of Marketing Company President, all interview notes, and all documents reviewed or examined by the selecting officials shall be kept for the duration of this Consent Decree or as otherwise provided by law, whichever period is longer.

17. U-Haul MS. shall provide the following written reports to the EEOC:

    a. Initial Report. Within one hundred and twenty (120) days after the entry of this Consent Decree, U-Haul MS shall submit to the EEOC an initial report which contains:

        1. A copy of the handbook or policy manual adopted pursuant to Paragraph 12;

        2. A copy of the new procedure developed pursuant to Paragraph 13;

        3. A copy of the new procedure developed pursuant to Paragraph 14;

        4. A description of the procedure that will be followed for complying with the requirements of Paragraph 15.

        5. A summary of the procedures and record keeping methods developed

for complying with the requirements of Paragraph 16.

        b.     U-Haul MS shall also provide the following reports to the EEOC annually throughout the term of this Decree, beginning twelve (12) calendar months after the entry of this Consent Decree:

        1.     If any drug-tests were conducted in the preceding twelve (12) calendar months, the numbers of said tests given and their results. Pre-employment and post-accident screenings are specifically excluded from this reporting obligation.

        2.     Documentation for a storage facility auction reflecting a room being sold for which payment had already been made by the customer at or before the time of auction.

        3.     U-Haul MS will also provide a report to the EEOC if the position of Marketing Company President is filled during the term of this Decree, including the name and race of each individual who expressed an interest in filling the position, the name and race of each individuals who was interviewed for the position, and the name and race of the successful candidate. The report shall be submitted within sixty (60) days from the date the new MCP is selected for the position.

        c.     All reports to the EEOC shall be sent to:  Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Birmingham, Alabama 35205.

**IV.   ADMINISTRATIVE CONSULTATION**

        18.     Defendant U-Haul Intl. has a contractual relationship with Defendant U-Haul MS under which U-Haul Intl. provides technical advice and services to U-Haul MS. As part of this function, U-Haul Intl. maintains a Human Resource department. The individuals in that department are available to U-Haul MS for consultation and advice concerning employment matters. Defendant U-Haul Intl. also encourages employees of U-Haul MS to contact its Human Resource Department should the employee wish to complain of discriminatory treatment which cannot be resolved at the local level.

        19.     Pursuant to the administrative relationship between U-Haul MS and U-Haul Int'l, U-Haul MS shall contract with U-Haul Int'l to assist it with its obligations under this Consent Decree.

20.     All Board Members of U-Haul Co. of MS, including the Marketing Company President, shall receive training of no less than one hour on the topics related to discrimination, retaliation, handling investigations of employee complaints, and/or proper procedures for employee terminations at the following time periods:

        a.     within ten (10) days of the entry of this Consent Decree;

        b.     One year after the entry of the Consent Decree; and

        c.     Two years after the entry of the Consent Decree.

Copies of the materials used in this training and the identity of the trainer shall be submitted to the EEOC as part of the reports required by Paragraph 17(b).

### V.     COMPLIANCE

21.     Should the EEOC have any question concerning the reports called for by the Consent Decree or compliance with any provision of the Consent Decree, the EEOC will provide Defendant's counsel, Will Manuel, with written notice describing the deficiency. After service of the notice, the EEOC and Defendant will schedule a telephone or in-person meeting to attempt to resolve the dispute. Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have forty-five (45) days to attempt to resolve or cure the alleged breach. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute that may arise. After this period has passed without resolution or an agreement to extend the time further, the EEOC may petition this Court to enforce this Consent Decree.

22.     Should the EEOC have any questions concerning the matters included in any report submitted under this Consent Decree, the EEOC, after complying with the informal resolution procedures set forth in Paragraph 21, shall have the right to examine any of the business records which are relevant to said report upon reasonable advance written notice.

23.     Each party will bear its own attorney's fees and costs.

24.     Other than the areas covered by this Consent Decree, all other claims asserted by the EEOC in the above action are dismissed.

**SO ORDERED AND ADJUDGED** this the 10th day of July, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

**APPROVED AND CONSENTED TO BY:**
    **ON BEHALF OF PLAINTIFF EEOC:**
    RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, Northwest
Washington, D. C.  20554

 /s/  C. Emanuel Smith
C. EMANUEL SMITH
Regional Attorney

 /s/ Charles E. Guerrier
Charles E. Guerrier (OH 0023546)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205

**ON BEHALF OF DEFENDANT U-HAUL CO. OF MISSISSIPPI:**

 /s/  J. William Manuel
J. William Manuel, Esq.
Bradley Arant Rose & White, LLP
Suite 450
One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789